FILED
MAR -9 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND DAKIM HARRIS JOINER, )
)
Plaintiff, )
)
v. ) Civil Action No.: 1:20-cv-00154 (UNA)
)
UNITED STATES OF AMERICA, )
)
Defendant. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case.

Plaintiff is a state inmate, currently designated to Bertie Correctional Institution, located in Windsor, North Carolina. The complaint is far from a model of clarity, but it appears plaintiff challenges his conviction and alleges that he is being held against his will. He also alleges various constitutional violations. He seeks monetary damages and injunctive relief. He sues the United States, however, the involvement of the United States in his claims is entirely unclear, particularly because he alleges that he "was and still is a state prisoner . . . force[d] to obey by-laws (North Carolina General statutes) that [were] not approved by the North Carolina State legislature." He also states that "the North Carolina Court of Appeals continue[s] to grant extensions and hold the plaintiff in a state institution without any lawful detainer or establishing any jurisdiction[.]" Lastly, he seems to argue that he has filed documents with several local courts to "correct his political status," but that he continues to be unfairly detained under "names and social security numbers" belonging to other individuals.

1

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Here, plaintiff has filed suit against the United States, however, defendant's involvement in his claims is entirely unclear, and therefore, it cannot be expected to prepare a responsive answer or adequate defense.

Further, to the extent that plaintiff challenges his conviction, federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Plaintiff has not pled that he has exhausted his postconviction remedies in state court.

To the extent that plaintiff claims violations of his constitutional rights, *Heck v. Humphrey*, 512 U.S. 477 (1994), is applicable. In *Heck*, the Supreme Court held that a litigant convicted of a crime may not recover damages pursuant to 42 U.S.C. § 1983 for "harm caused by actions whose

2

unlawfulness would render [his] conviction or sentence invalid." *Id.* at 486. An exception to this prohibition exists if a plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87. If judgment is granted in plaintiff's favor, it "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Plaintiff was apparently found guilty and there is no information that the verdicts have been set aside. He cannot therefore recover damages arising out of constitutional violations for being unfairly convicted, sentenced, and incarcerated.

The allegations comprising plaintiff's complaint fail to provide adequate notice of a claim or to set forth allegations with respect to this court's jurisdiction, venue, or a valid basis for an award of damages. Therefore, this case will be dismissed. A separate order accompanies this memorandum opinion.

Date: 3/5/20

United States District Judge